No. 901

### ODER v. STATE

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2673.   Decided May 18, 1925

1023. REPEALS—Section X of Article I of the Ohio Constitution providing that counsel may comment when defendant does not take stand, is self-executing and repeals 13661 GC., which provides that counsel may not make such comment, by implication.

HAMILTON, J.

John Oder was indicted and convicted of burglary in the Hamilton Common Pleas. The indictment charged the defendant "in the night seasons at about the hour of one—in the county of Hamilton, into a certain building, to wit: a railroad station of the Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. there situate did unlawfully - - - - and forcibly break and enter etc."

Oder filed a motion to quash the indictment for the reason that it was indefinite and uncertain, in that it did not describe with certainty the building alleged to have been burglarized and the location of said building in the county. This motion was overruled and error was prosecuted, to the Court of Appeals which held:

1. The indictment charges with certainty, the crime, the ownership of the building, and lays the venue in Hamilton county. Was it necessary to locate the building more definitely than was done in the indictment?

2. "While it is a rule of criminal pleading that the offense alleged to have been committed much be described with such precision and certainty as to advise the accused of the nature and character of the crime or offense charged against him, yet under 2 OS. 563, unreasonable strictness ought not to be required; and where crime is clearly charged in the indictment and defendant fairly advised what act of his is subject of complaint, the principal object of pleading is attained." State v. Groves, 80 OS. 351.

3. All this was done in the case at bar.

4. Moreover, 13581 GC. among other things provides: "An indictment shall not be invalid - - - - for other defects or imperfections, which do not tend to prejudice substantial rights of the defendant upon the merits."

5. The evidence adduced at the hearing was clear, showing beyond question that the building was burglarized, and Oder was not in any way prejudiced by failure of the indictment to more specifically locate the building.

6. It is claimed that the prosecuting attorney commented upon Oder's failure to testify in his defense, and was misconduct. It is argued that Section X of Art. I of the Ohio Constitution providing that no person in a criminal action shall be compelled to be a witness against himself, and his failure so to do may be made the subject of comment by counsel, is not self executing.

7. It is urged that to give this provision force and effect, it is necessary for the legislature to give right of comment by counsel and repeal 13661 GC. which prohibits comment by counsel upon failure of defendant to take stand.

8. Cases not pending at the time of the adoption of Sec. X, Art. I of the Constitution, 13661 GC. would not apply and the provision of the amended constitution controls. State v. Morrow, 90 OS. 202.

9. This case is decisive of the question and Sect. X, Art. I, is self executing, and 13661 is repealed by implication. Judgment affirmed.

Attorneys—John T. Murphy and Walter M. Locke for Oder; Chas. S. Bell, for State; all of Cincinnati.